OPINION
{¶ 1} The defendant-appellant, Jeffrey Grove, appeals the judgment and sentence of the Crawford County Court of Common Pleas finding him guilty of one count of felonious assault in violation of R.C. 2903.11(A)(1).
 {¶ 2} Preliminarily, we should note that there is considerable discrepancy between the State's witnesses and Grove's witness as to what happened on March 22, 2004, at approximately 10 p.m. According to the State's witnesses, Jeffrey and his son, Dustin Grove, knocked on Brian Sherman's door. No one answered at first because Sherman's roommate did not know the Groves. After the Groves stepped off the porch, Sherman answered the door.
 {¶ 3} When Sherman answered, the Groves stated that they were looking for the people that lived at that address, and Sherman identified himself and told the Groves that he just moved in two weeks prior. According to Sherman, Dustin was upset and stated that he was going to "burn [the Sherman residence] down." Trial Tr. at p. 26. Immediately, Jeffrey informed his son that Sherman was not the person they were looking for, and Dustin replied that it did not matter.
 {¶ 4} After the Groves left, Sherman and Sherman's brother followed the Groves because Sherman was concerned for the safety of his niece and nephew that lived at his house. Sherman and his brother followed the Groves to a gas station and watched the Groves go in and purchase something and exit.
 {¶ 5} After the Groves exited the gas station, Sherman and his brother continued to follow them. Soon thereafter, the Groves took off running, and Sherman momentarily lost sight of them. Sherman stated that the group stayed at their position, when, suddenly the Groves reappeared carrying baseball bats. Sherman testified that he fled the scene but eventually encountered Dustin. Dustin hit Sherman several times with the baseball bat. When Jeffrey arrived, Sherman and Dustin were struggling, and Jeffrey swung at Sherman and accidentally hit Dustin with the bat. Sherman stated that he attempted to crawl under a car in order to avoid all the body and head blows.
 {¶ 6} Tammy Crawford witnessed the struggle and immediately called 911. Crawford was on the phone with the police when she encountered the Groves and told them to stop. As a result, Dustin grabbed the phone out of her hand and stomped on it.
 {¶ 7} On the other hand, for the defense, Dustin testified that he and Jeffrey were walking to the gas station to purchase a drink and some beer when a group of individuals on a front porch started yelling obscenities at them. In response, the Groves walked towards the porch and responded with some obscenities. The Groves then proceeded to the gas station.
 {¶ 8} As the Groves left the gas station, the group of individuals continued to yell at them as they passed by the house, but, according to Dustin's testimony, the Groves continued to walk home. After the Groves walked past the porch, however, the group started to follow them. Sometime before the Groves entered their house, one of the individuals ran up to Dustin and struck him on the back of his head with a hammer. In response, both Dustin and Jeffrey proceeded to their home, grabbed two aluminum baseball bats, and went back outside to confront the individuals.
 {¶ 9} Dustin exited the house and started swinging the baseball bat at the group. The group dispersed, and Dustin chased the person he claimed struck him on the back of the head down the street. The person that Dustin chased was Sherman. When Dustin caught up with Sherman, Dustin testified that Sherman attempted to throw something at him and strike him with his fist. In response, Dustin hit him with the baseball bat, and Sherman attempted to fight back but eventually crawled under a parked car for protection. Moreover, according to Dustin's testimony, Jeffrey did not arrive at the scene until after Sherman crawled under the car.
 {¶ 10} As a result of this incident, Dustin plead guilty to aggravated assault as part of a guilty plea. Jeffrey was charged with felonious assault and plead not guilty. Subsequently, a jury was convened, and Jeffrey was found guilty of felonious assault and sentenced to six years imprisonment as well as mandatory post release control. Jeffrey filed a timely motion for a new trial, but it was denied. Jeffrey appeals alleging four assignments of error. For the sake of judicial economy, the first three assignments will be discussed together.
 First, Second, and Third Assignments of Error A Motion for new trial should be granted where immediately after trialthe defendant learns of the existence of a witness known to the state,but not disclosed to the defense.
 A Motion for new trial should be granted if the indictment is not validas to this defendant. If not valid as initially drawn, it cannot beamended. only valid indictments can be amended.
 A Motion for new trial should have been granted where the prosecutoroffers into evidence a video of the defendant exercising his mirandarights. the video was not offered for any valid purpose, and thedefendant did not testify.
 {¶ 11} A motion for a new trial is governed by Crim.R. 33, which states, in pertinent part:
(A) Grounds. A new trial may be granted on motion of the defendant forany of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of thecourt, or abuse of discretion by the court, because of which thedefendant was prevented from having a fair trial; * * *
 (5) Error of law occurring at the trial;
 (6) When new evidence material to the defense is discovered, which thedefendant could not with reasonable diligence have discovered andproduced at trial. When a motion for a new trial is made upon the groundof newly discovered evidence, the defendant must produce at the hearingon the motion, in support thereof, the affidavits of the witnesses bywhom such evidence is expected to be given. . . .
 (E) Invalid grounds for a new trial. No motion for a new trialshall be granted or verdict set aside, nor shall any judgment ofconviction be reversed in any court because of:
 (1) An inaccuracy or imperfection in the indictment . . . provided thatthe charge is sufficient to fairly and reasonably inform the defendant ofall essential elements of the charge against him. * * *
 (3) The admission or rejection of any evidence offered against or forthe defendant, unless the defendant was or may have been prejudicedthereby;
Crim.R. 33. A decision to grant or deny a new trial is within the sound discretion of the trial court and may not be disturbed absent an abuse of discretion. State v. Shiebel (1990), 55 Ohio St.3d 71, 78, 564 N.E.2d 54, cert. denied Warner v. Ohio (1991), 499 U.S. 961, 111 S.Ct. 1584. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is arbitrary, unconscionable, or unreasonable.Blakemore v. Blakemore (1983), 5 Ohio St. 217, 219, 450 N.E.2d 1140.
 Disclosure of Evidence
Crim.R. 33(A)(6) permits a new trial if evidence material to the defense is discovered, which the defendant could not have discovered with reasonable diligence. In the instant case, Jeffrey claims that the Prosecutor withheld the name of the clerk working at the gas station that the Groves purchased their beverages from prior to the incident. However, because it is undisputed that the Groves entered the gas station and the events took place near that same gas station, due diligence would have discovered that an employee of the gas station may have witnessed the events transpire. See Crim.R. 33(A)(6). Accordingly, the first assignment of error is overruled.
 Error in the Indictment {¶ 12} In Grove's indictment, an error was made and corrected by the prosecutor. The indictment reads:
The Grand Jurors of the County of Crawford in the name and by theauthority of the State of Ohio, upon their oaths do find and present thaton or about the 22nd of March, 2004, in Crawford County, Ohio, DustinGordon Grove, did, knowingly cause serious physical harm to BrianSherman, in violation of Ohio Revised Code section 2903.11(A)(1),FELONIOUS ASSAULT, a felony in the second degree.
 {¶ 13} The name "Dustin Gordon Grove" was crossed out with pen and name "Jeffrey G. Grove" was written in and initialed by JW and CJM. The State claims, in response to the motion for a new trial that JW are the initials of the grand jury foreperson, and that CJM may represent the initials of the Crawford County Assistant Prosecuting Attorney. Finally, it must be noted that while the wrong name does appear to be typed in the body of the indictment, the caption does state "Jeffrey G. Grove" and does contain Jeffrey's social security number and birth date.
 {¶ 14} Crim.R. 33(E)(1) governs a ruling on a motion for a new trial when there is a mistake or error in the indictment. After reviewing the record, we conclude that despite the fact that the wrong name was typed into Jeffrey's indictment, Jeffrey's name, social security number, birth date, and hand written name does appear on indictment. More importantly, no issue was raised at trial concerning the indictment and there is no indication that Jeffrey was not apprised of the charges against him or was prejudiced in any way from conducting a defense to the charge at trial. Thus, we conclude that despite the unprofessional manner of attempting to correct the error, the indictment was sufficient to reasonably inform Jeffrey of all the essential elements of felonious assault, and the second assignment of error is overruled.
 The Video {¶ 15} Jeffrey contends that the admission of the video into evidence prejudiced him because it was not offered for any purpose other than for the jury to hear him invoke his Miranda rights.
 {¶ 16} Crim.R. 33(E)(3) states that a new trial based on the admission of evidence should not be granted unless the evidence prejudiced the defendant. After reviewing the tape that was introduced into evidence, we note that after Jeffrey was read his Miranda rights he refused to talk to the police. Then, with no further interrogation from the police officer in the room, Jeffrey admitted that he came out of the house with a baseball bat but denied hitting Sherman.
 {¶ 17} First, we note that the defendant's own statements, offered against him, is statutory non-hearsay, and is admissible at trial. Evid.R. 801(D) (2(a). Second, we conclude that the tape offered evidence as to whether Jeffrey was at the scene of the incident and whether he struck Sherman with a baseball bat, which the jury could use in determining guilt or innocence. Accordingly, the admission of the video into evidence did not constitute error. Therefore, his third assignment of error is overruled.
 Fourth Assignment of Error The trial court erred when it sentenced the defendant to four times aslong an incarceration as defendant's son, who was the principleoffender.
 {¶ 18} In this assignment of error, Jeffrey does not contend that the trial court erred in making the appropriate findings at sentencing, but contends that it is "inappropriate for two individuals who participate in the same identical act to receive such disproportionate sentences." Appellant's Brief at p. 10. The record reflects that Dustin plead to aggravated assault, a felony in the fourth degree, and Jeffrey plead not guilty to felonious assault, a felony in the second degree, and was subsequently found guilty by a jury.
 {¶ 19} A review of the case law indicates that it is not inappropriate to impose a longer sentence on a co-defendant convicted of similar crimes as long as the trial court had authority to do so under the Ohio sentencing guidelines. See, e.g., State v. Rowland (May 11, 2001), 1st Dist. Nos. C-000592, B-9801309(A), 2001 WL 497090 at *2. Accordingly, keeping in mind the sentencing difference between a fourth degree felony and a second degree felony, the trial court was permitted to sentence Jeffrey in accordance with the Ohio sentencing guidelines. Thus, the fourth assignment of error is overruled.
Judgment Affirmed.
 Cupp, P.J., concurs.